IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THOMAS JOHN DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-065 |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Thomas John Davis, Jr. ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I.  BACKGROUND

Plaintiff applied for DIB and SSI on November 8, 2010, alleging a disability onset date of December 31, 2009. Tr. ("R"), pp. 130-39. The Social Security Administration denied Plaintiff's applications initially, R. 66-77, and on reconsideration, R. 80-85. Plaintiff

---

[1]For ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

requested a hearing before the Administrative Law Judge ("ALJ"), R. 86-91, and the ALJ held a hearing on January 10, 2012. R. 31-65. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Rosalind Lloyd, a Vocational Expert ("VE"). Id. On January 30, 2012, the ALJ issued an unfavorable decision. R. 13-30.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 31, 2009, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant has the following severe impairments: L4-5 disc herniation with moderate acquired stenosis, prior L5-S1 fusion minimal grade I psedospondylolisthesis at L5-S1, mild disc desiccation at L3-4, gout, and anxiety (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work[2] as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except as follows: He can occasionally climb stairs and ramps, and balance. He may never climb ladders, ropes, and scaffolds; no kneeling; crouching; stooping or crawling. He is further limited to avoid concentrated exposure to machinery and heights. He is additionally limited to occupations requiring no more than simple routine repetitive tasks, not performed in a fast pace production environment, involving only simple work-related decisions and, in general, relatively few work

---

[2]"Sedentary work" is defined as work that involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a).

2

place changes. He would also need to be allowed a sit and stand option. Thus, the claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including Surveillance System Monitor, Charge Account Clerk, and Order Clerk. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).) Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2009 through January 30, 2012 (the date of the ALJ's decision) (20 C.F.R. § 404.1520(g) and 416.920(g)).

R. 18-22.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ did not properly analyze his subjective complaints of pain; (2) the hypothetical question to the VE did not include all of his limitations; and (3) the AC erred in finding that newly offered evidence did not warrant remand to the ALJ. See doc. no. 10 ("Pl.'s Br."). The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. See doc. no. 15 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts

anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (*per curiam*). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

4

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ Properly Analyzed Plaintiff's Subjective Complaints of Pain.

Plaintiff argues that the ALJ erred in his analysis of Plaintiff's pain caused by his back and gout. Pl's Br., pp. 11-15. In particular, Plaintiff asserts that the ALJ made no direct assessment of Plaintiff's subjective complaints of pain and failed to give proper weight to the opinion of a treating physician, Ellen G. Shaver. See id.

#### 1. The Standard for Evaluating Subjective Complaints of Pain.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*). Under the applicable social security regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v.

5

Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4).)

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[3] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) (internal quotation marks and citations omitted). As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not credible beyond the limitations imposed by the ALJ when determining the range of sedentary work that Plaintiff could perform. R. 21-24.

> 2. **The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints About Pain from His Back and Gout.**

Plaintiff argues that although the ALJ determined Plaintiff's severe impairments included "L4-5 disc herniation with moderate acquired stenosis, prior L5-S1 fusion minimal

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

grade I pseudospondylolisthesis at L5-S1, mild disc desiccation at L3-4, [and] gout," the ALJ improperly concluded that his chronic back pain and gout were resolved. Pl.'s Br., p. 12. According to Plaintiff, the medical records upon which the ALJ relied to reach the determination that the pain from these conditions had resolved did not support such a conclusion. Id.

In making his RFC determination, the ALJ acknowledged that Plaintiff could be expected to have pain from both his back and attacks of gout, but not to a level that would inhibit him from performing unskilled sedentary work. The ALJ reviewed Plaintiff's medical history dating back to Plaintiff's L5-S1 fusion performed when he injured his back lifting heaving bins at age 20. R. 21. The doctors at Augusta Back, in conjunction with Plaintiff's primary care physician, Andrew VanAlstine, at Family Medicine Associates, provided longitudinal records of their treatment of Plaintiff that the ALJ reviewed. R. 23-24 (citing Exs. 3F & 7F (R. 288-301, 326-49)). Those records, along with records from MCG Health cited by the ALJ (Exs. 8F & 9F (R. 350-439)), confirm that in 2010 and 2011 Plaintiff's chronic back pain and gout were identified as "Resolved," (R. 353, 395, 401), or "stable" (R. 327, 331.) The ALJ also cited to an x-ray and MRI of Plaintiff's spine in October 2010 (R. 291-93) that supported the findings of the severe impairments noted, but none of the pain management notes from the doctors treating Plaintiff suggested any physical limitations that would prevent him from performing unskilled sedentary work. Nor has Plaintiff in his briefing pointed to any such finding.

Likewise, the ALJ acknowledged Plaintiff's reports of pain at a four out of ten and Plaintiff's reported limited ability for lifting, sitting, standing, or walking more than a quarter of a mile; the ALJ also acknowledged Plaintiff's reported inability to kneel, crawl, stoop, or

7

crouch. R. 21. The ALJ accounted for these issues in the limitations attached to the RFC for unskilled sedentary work. R. 25; see also Finding 4, p. 2, *supra*.

The ALJ also specifically reviewed Plaintiff's history of gout dating back to approximately 1997, noting that the attacks were sporadic, and apparently stable and/or resolved with medication.[4] R. 22-23, 327, 353, 395, 401. The ALJ also acknowledged Plaintiff's testimony that he had experienced gout attacks six to eight times per year for three to seven days at a time since 1990, R. 21, 24, 42, 56, but noted that during that time, until 2009, he had worked full time as a painter despite the attacks. R. 24, 38, 172. Likewise, the ALJ discounted Plaintiff's claim that his wife does all the housework and assists him when he eats, dresses, and bathes because there was no opinion from a treating physician stating that Plaintiff's activities of daily living were in any way restricted. R. 19-21. Plaintiff points to no such evidence in his briefing to support the conclusion that he suffers pain from his gout at the levels he claims prevents him from working.

> 3. **The ALJ Accorded Proper Consideration to Dr. Shaver's Statement that She Was "In Agreement" with Plaintiff's Decision to Pursue Disability.**

To the extent Plaintiff argues that the ALJ erred in giving little weight to the statement from Dr. Shaver, a one-time examiner from the Augusta Back group of doctors, that she was "in agreement" with his stated desire to pursue disability, his argument fails.

---

[4]Plaintiff raises a red herring when complaining that one of the records the ALJ relied upon to show his gout was resolved actually showed the opposite. Pl.'s Br., p. 12. Plaintiff's quoted language is from the History of Present Illness, which is the patient's subjective presentation of the basis for the visit. R. 352. The next page of the report relied upon by the ALJ does state that Plaintiff has a medical history of resolved gout. R. 353. That Plaintiff has gout is not in question; the ALJ identified it as a severe impairment. R.18. Seeking treatment for an attack of gout that has flared after prior resolution with medication does not show an error by the ALJ in relying on medical records that show a history of resolution or stability after treatment. To the contrary, it supports the ALJ's conclusion that even though Plaintiff has a medical condition that is expected to cause pain, *i.e.* gout, it can be treated such that Plaintiff can perform unskilled sedentary work.

Pl.'s Br., p. 12. In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (requiring substantial weight be given to the opinion of a treating physician unless "good cause" to the contrary is shown). As a general rule, however, the opinion of a one-time examiner is not entitled to great weight. Stone v. Comm'r of Soc. Sec., 544 F. App'x 839, 842 (11th Cir. 2013) (*per curiam*).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities). Furthermore, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or

special significance. SSR 96-5p; see also 20 C.F.R. §§ 404.1527(d) & 416.927(d).

Here, the Commissioner takes issue with whether Dr. Shaver qualifies as a "treating physician." Comm'r's Br., p. 6. Even if she qualifies as a treating physician, the ALJ provided the necessary reasoning for giving her agreement to the pursuit of disability little weight. First, Plaintiff does not point to any specific *medical* finding by Dr. Shaver that contradicts the ALJ findings that he could perform unskilled sedentary work. Dr. Shaver's findings were unremarkable in that her physical examination showed no paraspinous spasm and a full range of motion.[5] R. 300. Dr. Shaver also noted that Plaintiff's motor strength was 5/5 in all bilateral upper and bilateral lower extremities. R. 301. The ALJ recognized Dr. Shaver by name in his thorough review of Plaintiff's records from Augusta Back, as well as the fact that any statement by Dr. Shaver on the ultimate conclusion of disability is a matter reserved entirely for the Commissioner. R. 22-23. Moreover, although Dr. Shaver concluded her November 10, 2010 report with a note that she "will plan to see him back as needed," R. 301, there are no further notes or medical records provided by her.

In sum, "[t]he mere existence of pain is not an automatic ground for obtaining disability benefits. Fortenberry, 612 F.2d at 950. Plaintiff argues in conclusory fashion that "[t]here was no direct finding or assessment of Plaintiff's pain by the ALJ," (Pl.'s Br., p. 13), but the argument boils down to a disagreement with the assessment that was conducted. However, the ALJ has the discretion to make a factual determination as to whether Plaintiff can work despite some pain, and this Court will uphold such a determination so long as it is supported by substantial evidence. Fortenberry, 612 F.2d at 950. Because the ALJ

---

[5]The Court also notes that under History of Present Illness in Dr. Shaver's report, there is a statement that Plaintiff had been out of work since his lumbar fusion 20 years ago. R. 300. Of course that baseline premise is incorrect in that Plaintiff himself reported that he worked from either from 1995-2009, R. 172, or 2007-2009, R. 38, as a painter.

10

considered and relied on specific and substantial medical evidence from the record in conducting the Holt analysis to determine that Plaintiff's back and gout did not produce the level of pain that would prevent Plaintiff from performing unskilled sedentary work, this issue provides no basis for remand.

>   B.  **The ALJ Properly Relied on the VE's Testimony to Determine Plaintiff Was Not Disabled.**

Plaintiff argues the ALJ erred at step five by finding that he could perform unskilled sedentary jobs that exist in significant numbers in the national economy because the hypotheticals posed to the VE did not contain all of his limitations. Pl.'s Br., pp. 16-18. As explained below, substantial evidence supports the ALJ's finding that Plaintiff can perform the requirements of unskilled sedentary work as identified by the VE.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

Here, Plaintiff argues the hypotheticals presented to the VE were incomplete because they did not include all of Plaintiff's limitations, in particular the limitations associated with

his pain from his back and gout. Pl.'s Br., p. 18. However, as stated above, the ALJ properly analyzed the evidence regarding the pain caused by Plaintiff's back and gout. R. 18-24. The ALJ thoroughly discussed Plaintiff's purported limitations stemming from these conditions, and included all credible limitations in Plaintiff's RFC when they were supported by the record evidence. Id. Indeed, the ALJ determined that Plaintiff could not perform his past relevant work as a painter (classified as medium, skilled, R. 60) and instead included significant exertional and non-exertional limitations that lowered Plaintiff's RFC to unskilled, sedentary work, stating:

> The claimant can occasionally climb stairs and ramps, and balance. The claimant may never climb ladders, ropes, and scaffolds; no kneeling; crouching; stooping or crawling. He is further limited to avoid concentrated exposure to machinery and heights. He is additionally limited to occupations requiring no more than simple routine repetitive tasks, not performed in a fast pace production environment, involving only simple work-related decisions and, in general, relatively few work place changes. He would also need to be allowed a sit and stand option.

R. 20.

The first hypothetical asked if an individual of Plaintiff's age and education with his past job experience, having the limitations outlined in the immediately preceding paragraph, without the sit/stand option, could perform Plaintiff's past work at the medium level of exertion. R. 60-61. The VE answered in the negative, but did provide examples of light, unskilled work that such an individual could perform: storage facility rental clerk, mail clerk (non postal), and office helper. R. 61. The second hypothetical added a sit/stand option and lowered the level of work from light to sedentary; the VE identified the jobs of surveillance monitor, charge account clerk, and order clerk. R. 62. The third and final hypothetical from the ALJ included the restriction of being absent from work three to five times per month. R. 63. At that point, the VE said there would be no jobs available. Id. In making his final

determination that there were jobs available Plaintiff could perform, the ALJ relied on the second hypothetical – the one which included all of the restrictions validly supported by the record – to determine that Plaintiff was not disabled.

Plaintiff contends that neither of the first two questions accurately described all of his limitations supported by the substantial evidence of record, and in particular, Plaintiff argues that the pain associated with his back and gout were not included. Pl.'s Br., p. 18. Of course, as discussed extensively in Part III.A, the ALJ properly discounted Plaintiff's subjective complaints that he claims should have been included in the hypotheticals. To the extent Plaintiff paints with a broad stroke to claim that "all" of his limitations were not included without any specific details, the Court will not hazard a guess as to the specifics of what these unnamed limitations might be.

To the extent Plaintiff claims the ALJ erred because the VE stated that no jobs would be available for "an individual [taking] a lot of pain medication" who would be mentally off task for fifteen to twenty percent of the day, R. 63, that argument also misses the mark. Pl.'s Br., pp. 17-18. The ALJ acknowledged Plaintiff's reports that his medicine sometimes made him "groggy," and/or "loopy." R. 20, 21, and his hypothetical to the VE described an individual who was limited to "no more than simple, routine, repetitive tasks not performed in a fast paced production environment." R. 62. Limitation to unskilled work in a hypothetical to a VE sufficiently accounts for limitations in concentration, persistence, and pace.[6] Davis v. Comm'r of Soc. Sec., -F. Supp.2d-, 2014 WL 1292884, at *3 (M.D. Fla. Mar. 28, 2014) (citing Kinnard v. Comm'r of Soc. Sec., 426 F. App'x 835, 837 (11th Cir. 2011).) The ALJ thoroughly discussed his reasons for discounting Plaintiff's subjective

---

[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a) & 416.968(a).

13

complaints, including pain from his back and gout, and accounted for limitations in concentration caused by his medicine by restricting his hypothetical to unskilled work. Moreover, Plaintiff points to nothing in the record that validly supports a conclusion that he would be off-task fifteen to twenty percent of the work day.[7]

In sum, in presenting his hypothetical to the VE, the ALJ properly excluded those of Plaintiff's alleged limitations that he found to be unsupported or incredible. See Crawford, 363 F.3d at 1161. Because the hypothetical presented to the VE, upon which the ALJ relied to find Plaintiff was not disabled, accurately and comprehensively reflected Plaintiff's characteristics, the ALJ's reliance on the VE testimony was proper. McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63.

### C. The AC Did Not Err in Refusing to Remand the Case to the ALJ for Consideration of Additional Material.

Lastly, Plaintiff contends that he presented information to the AC that should have resulted in a remand to the ALJ for further consideration. Pl.'s Br., pp. 18-23. In particular, Plaintiff references a Disabled Person's License Plate Affidavit and a Medical Source Statement Dated May 30, 2012 (approximately four months after the ALJ's unfavorable decision) from a doctor that saw Plaintiff at Augusta Back, Dr. Lan Nguyen. R. 445-49. As aptly described by the Commissioner, the medical source statement "consisted of checked boxes, circled numbers, and gave short, unsupported answers indicating Plaintiff was severely limited" in his daily functioning. Comm'r's Br., p. 9.

Under Eleventh Circuit law, "when a claimant properly presents new evidence to the [AC], a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262

---

[7]The Medical Source Statement from Dr. Lan Nguyen is discussed in Part III.C.

(11th Cir. 2007). In other words, when the AC denies review despite the submission of additional evidence, the determinative inquiry is whether Plaintiff has submitted "new, material, chronologically relevant evidence" to the AC that "renders the decision of the [ALJ] to deny benefits unsupported by substantial evidence." Id. at 1261, 1266. "'New' evidence is evidence that is non-cumulative, and 'material' evidence is evidence that is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" Robinson v. Astrue, 365 F. App'x 993, 996 (11th Cir. 2010) (*per curiam*) (quoting Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987)).

Here, Plaintiff cannot meet the materiality standard. Plaintiff does not even attempt to argue the relevance of license plate paperwork as it might relate to the specific regulations for disability under the Social Security Act. As to the report from Dr. Nguyen, there is no medical support for the conclusions contained therein, and a treating physician's report, unaccompanied by objective medical evidence or wholly conclusory in form, may be discounted.[8] Crawford, 363 F.3d at 1159. In fact, the only reference to medical documentation is a hasty side note to "please see MRI." R. 445.

Even if the Court were to assume that Dr. Nguyen intended to reference the MRI from 2010 already contained in the Augusta Back records before the ALJ, R. 292-93, such a reference would not provide a real possibility that the administrative result would change.

---

[8]The form specifically directs, "*Attach all relevant treatment notes, radiologist reports, laboratory and test results as appropriate.*" R. 445 (emphasis in original). There is no documentation attached to the form.

15

The ALJ already thoroughly and extensively reviewed the Augusta Back records and properly explained why none of those records, MRI included, established that Plaintiff could not perform unskilled, sedentary work. Moreover, some of the conclusions by Dr. Nguyen were in direct conflict with Plaintiff's own testimony as to his capabilities. For example, Dr. Nguyen circled that Plaintiff could sit only ten minutes at a time; Plaintiff testified that he could sit twenty to thirty minutes at a time. Cf. R. 446 with R. 47. Likewise, Plaintiff reported being able to stand for thirty minutes at a time, but Dr. Nguyen circled that Plaintiff could only stand for ten minutes at a time. Cf. R. 47 with R. 446.

As explained in detail in Part III.A.3 above, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, even assuming that Dr. Nguyen is properly accorded treating physician status by virtue of working within the Augusta Back office, the conclusory, "check the box" form that identifies back issues and gout problems about which the ALJ was already aware and which imposes restrictions unsupported by any medical documentation does not warrant a remand in this case. Plaintiff has failed to show that the additional documentation is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" Robinson, 365 F. App'x at 996.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a

final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 30th day of May, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA